# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | NO. 15-124 |
| STEPHEN ELLIS | SECTION "E"(5) |

## ORDER AND REASONS

Before the Court is a Motion for Reduction of Sentence and Appointment of Counsel filed by Stephen Ellis.[1] Baptiste asks the Court "Since United States vs. Davis is retroactive will that help me with my case? (924C). [I]f so appoint me with a federal lawyer and resentce [sic] me or release me because I've already completed 50% of the 117 months."[2] For the reasons set forth below, the motion is **DENIED**.

## BACKGROUND

Ellis is currently serving a 117 month prison sentence for convictions of (1) being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2); (2) possessing firearms in furtherance of and during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); and (3) knowingly and intentionally possessing with the intent to distribute a Schedule I Drug Controlled Substance, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C).[3] On August 9, 2019, Ellis filed the instant motion for appointment of counsel to assist him in seeking a reduction of his prison sentence.

---

[1] R. Doc. 61.
[2] *Id.* at 1.
[3] R. Doc. 55.

1

## LEGAL STANDARD

The Court construes Ellis's motion for reduction of sentence as a motion for modification of his term of imprisonment pursuant to 18 U.S.C. § 3582(c). There is "no constitutional rights to appointed counsel" in a § 3582(c) proceeding.[4] Instead, the Court has discretion to appoint counsel to financially eligible individuals seeking relief under 18 U.S.C. § 3582(c) in exceptional cases where the "interest of justice warrant(s) such appointment."[5]

## LAW AND ANALYSIS

On June 24, 2019, in *United States v. Davis*, the United States Supreme Court held 18 U.S.C. § 924(c)(3)(B) to be unconstitutionally vague.[6] Ellis argues this ruling may affect his sentence because he was convicted in part under 18 U.S.C. § 924.[7] Ellis, however, was not convicted under the subsection of § 924 the Supreme Court held unconstitutional. Ellis was convicted under 18 U.S.C. § 924(a)(2) and (c)(1)(A), and the Supreme Court held only 18 U.S.C. § 924(c)(3)(B) to be unconstitutional. It did not pass on 18 U.S.C. § 924(a)(2) or (c)(1)(A). As a result, *Davis* has no bearing on Ellis's conviction or sentence. Accordingly, the interests of justice do not require Ellis to receive court appointed counsel for seeking relief under 18 U.S.C. § 3582(c).

---

[4] *United States v. Diaz*, 729 F. App'x. 343, 343-44 (5th Cir. 2018) (citing *Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995)). *See also United States v. Short*, Criminal Action No. 96-0232, 2016 WL 1161307, at *3 (E.D. La. Mar. 23, 2016) (The pertinent statutory provision states in relevant part: 'A person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance . . . through appeal, including ancillary matters appropriate to the proceedings.' 18 U.S.C. § 3006A(c). The Fifth Circuit has found that a § 3582 proceeding is not an 'ancillary matter' as set forth in § 3006A, and have likewise held that a defendant does not have a statutory right to counsel in relation to a § 3582(c) motion. *See Whitebird*, 55 F.3d at 1010.").
[5] *United States v. Perez*, 623 F. App'x. 282, 283 (5th Cir. 2015) (Mem) (citing *Whitebird*, 55 F.3d at 1010–11 & n. 3; *United States v. Robinson*, 542 F.3d 1045, 1052 (5th Cir.2008)).
[6] *United States v. Davis*, 139 S. Ct. 2319 (2019).
[7] R. Doc. 61.

## CONCLUSION

**IT IS ORDERED** that Ellis's motion[8] is **DENIED**.

**New Orleans, Louisiana, this 25th day of September, 2019.**

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[8] R. Doc. 61.