## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 15-124** |
| **STEPHEN ELLIS** | **SECTION "E"(5)** |

### ORDER AND REASONS

Before the Court is Defendant Stephen Ellis's Emergency Motion for Compassionate Release or Reduction for Immediate Release on Home Confinement.[1] For the reasons set forth below, the motion is **DENIED**.

### BACKGROUND

Stephen Ellis is currently serving a 117 month prison sentence for convictions of (1) being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2); (2) possessing firearms in furtherance of and during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); and (3) knowingly and intentionally possessing with the intent to distribute a Schedule I Drug Controlled Substance, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C).[2]

Ellis made an unsuccessful challenge to his conviction and sentence on August 9, 2019, when he filed a motion for appointment of counsel and reduction of sentence.[3] The Court denied the motion its Order and Reasons dated September 25, 2019.[4] On July 2, 2020, Ellis filed the instant motion for compassionate release.[5]

Ellis is 58 years old.[6] He has served 57% of his sentence and is currently housed at

---

[1] R. Doc. 66.
[2] R. Doc. 55.
[3] R. Doc. 61.
[4] R. Doc. 62.
[5] R. Doc. 66.
[6] R. Doc. 66 at 6.

the Yazoo City Low Federal Correctional Institution in Mississippi ("Yazoo City FCI") with a projected release date of June 27, 2023.[7] Ellis represents that, on June 2, 2020, he submitted a request to the warden at the Yazoo City FCI asking for early release from prison under the Compassionate Release Program.[8] Notations on the request show the warden has not issued a decision related to these requests.[9] In his request, Ellis cited age, good behavior, home ownership, marriage, and a number of health issues (e.g., hepatitis-2, high blood pressure, and a bacterial infection) as personal circumstances to be weighed in light of the COVID-19 pandemic.[10] After more than thirty days passed, on July 2, 2020, Ellis filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).[11] Ellis argues release is warranted based on the risk of COVID-19's spread, his age, and his medical condition (ulcers, high blood pressure, and an untreated case of hepatitis-C).[12] Ellis notes the absence of any incident reports while incarcerated and states his intent to continue with his drywall business and pursue real estate upon release.[13] In support, Ellis attaches to his motion his sentence computation data, his individualized reentry plan, and his June 2, 2020 compassionate release request.[14] As of the time of this decision, Yazoo City FCI has 0 inmates and 4 staff members who have tested positive for COVID-19.[15] Of the 98 inmates who previously tested positive for COVID-19, three have died.[16]

---

[7] R. Doc. 69 at 1.
[8] R. Doc. 66 at 18.
[9] *Id.*
[10] *Id.*
[11] *Id.* at 1.
[12] *Id.* at 9.
[13] *Id.*
[14] *Id*, at 12-20.
[15] *COVID-19 Coronavirus (2020)*, U.S. BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited August 25, 2020).
[16] *Id.*

## LAW AND ANALYSIS

18 U.S.C. § 3582(c) provides courts "may not modify a term of imprisonment once it has been imposed," except in limited circumstances.[17] As relevant in this case, 18 U.S.C. § 3582(c)(1)(A)(i) provides courts may, upon motion of a defendant or upon motion of the Director of the Bureau of Prisons, reduce a term of imprisonment, "after considering the factors set forth in [18 U.S.C.] § 3553(a)," if "extraordinary and compelling reasons warrant such a reduction."[18] Ellis has not presented extraordinary and compelling reasons justifying a reduction in his sentence. Even if he had, consideration of the § 3553(a) factors convince the Court Ellis is not entitled to compassionate release.

### I.  Ellis has exhausted administrative remedies.

Courts may consider a motion for a reduction in sentence on the basis of extraordinary and compelling reasons only if the exhaustion requirements of § 3582(c)(1)(A) are met.[19] If a defendant submits a request for compassionate release to the warden of his facility, and thereafter there is a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility,"[20] the exhaustion requirements of § 3582(c)(1)(A) are satisfied, and the Court may consider a motion for compassionate release filed by the defendant. In this case, Ellis represents he filed a request for compassionate release with the warden of Yazoo City FCI on June 2, 2020, over thirty days before he filed his motion for compassionate release.[21] The Government does not dispute the exhaustion requirements of § 3582(c)(1)(A) are satisfied.[22] Accordingly, the Court assumes Ellis has properly exhausted his administrative remedies, and the Court

---

[17] 18 U.S.C. § 3582(c).
[18] *Id*. § 3582(c)(1)(A).
[19] *See id.*
[20] *Id.*
[21] R. Doc. 66, at 18.
[22] R. Doc. 69, at 7.

will proceed to evaluating Ellis's request for compassionate release on the merits.

## II.   Ellis must present "extraordinary and compelling reasons" warranting a reduction in sentence.

According to Section 3582(c)(1)(A)(i), a district court may reduce a defendant's term of imprisonment if the court finds "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[23] The United States Sentencing Commission's relevant policy statement, found in Section 1B1.13 application note 1 of the United States Sentencing Guidelines Manual, sets forth three specific circumstances considered "extraordinary and compelling," as well as a catchall provision:

1. Extraordinary and Compelling Reasons.--Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

(A) Medical Condition of the Defendant.—

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

(I)     suffering from a serious physical or medical condition,
(II)    suffering from a serious functional or cognitive impairment, or
(III)   experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.--The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his

---

[23] 18 U.S.C. § 3582(c)(1)(A)(i).

or her term of imprisonment, whichever is less.

(C) Family Circumstances.—

> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.--As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).[24]

Ellis bears the burden of establishing he is eligible for a sentence reduction under § 3582(c)(1)(A)(i).[25] In this case, Ellis is not suffering a terminal illness and is not yet 65 years old.[26] Subsections (A) and (B) are not at issue. Only subsections (C) and (D) of the policy statement are relevant in this case.

Subsection (C) requires a finding of incapacitation of the caregiver of Ellis's teenaged son or the incapacitation of Ellis's wife when Ellis would be her only available caregiver. In his reply to the Government's response, Ellis stated his wife suffers from kidney disease, breast cancer, diabetes, high blood pressure, and other medical conditions but attached no medical records or other proof of his wife's conditions.[27] In light of this reply, the Court ordered the Federal Public Defender to appoint counsel to assist Ellis in presenting his arguments concerning family circumstances.[28] Ellis's appointed counsel

---

[24] U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n.1 (U.S. SENTENCING COMM'N 2018).

[25] *United States v. Ennis*, EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release." (citing *United States v. Stowe*, No. CR H-11-803 (1), 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019))); *United States v. Wright*, Crim. Action No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (holding the petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute").

[26] R. Doc. 66.

[27] R. Doc. 70 at 4.

[28] R. Doc. 71.

interviewed Ellis's wife and their seventeen-year old son and reviewed relevant medical records.[29] Counsel found Mrs. Ellis did suffer "a number of maladies" but did not appear to be incapacitated and was receiving regular medical treatment for her conditions.[30] Counsel represented to the Court that the facts do not meet the criteria for a reduction under the 'family circumstances' provision set forth in Subsection (C).[31] Ellis has produced no further evidence that either his wife or his child's caregiver are incapacitated. As a result, Ellis has not carried his burden of showing his family circumstances warrant compassionate release.

Subsection (D) requires a finding of extraordinary and compelling reasons to justify a reduction of sentence. The Court notes the Sentencing Guidelines Manual, last amended on November 1, 2018, contains a policy statement that has not been updated since the passage of the First Step Act on December 21, 2018. The First Step Act amended § 3582(c) to allow not only the BOP but also a defendant to bring a motion arguing extraordinary and compelling reasons warrant a reduction in the defendant's sentence. The policy statement provides, "A reduction under this policy statement may be granted *only upon motion by the Director of the Bureau of Prisons*."[32] As a result of this clear conflict, there is some dispute as to which portions, if any, of the policy statement should continue to apply to § 3582 after the passage of the First Step Act.[33]

For example, disagreements exist over whether courts may determine what constitutes an extraordinary and compelling reason under the catchall provision in

---

[29] R. Doc. 74 at 1.
[30] *Id*. at 1-2.
[31] *Id*. at 2.
[32] *Id*. § 1B1.13 cmt. n.4.
[33] *See, e.g.*, *United States v. Brown*, 2019 WL 4942051, at *4 (S.D. Iowa Oct. 8, 2019); *United States v. Beck*, No. 1:13-CR-186-6, 2019 WL 2716505, at *5 (M.D.N.C. June 28, 2019); *United States v. Cantu*, No. 1:05-CR-458-1, 2019 WL 2498923, at *5 (S.D. Tex. June 17, 2019); *United States v. Fox*, No. 2:14-CR-03-DBH, 2019 WL 3046086, at *3 (D. Me. July 11, 2019).

subsection (D). Although the First Step Act amended § 3582(c) to allow a defendant, and not just the BOP, to bring a motion in court arguing extraordinary and compelling reasons warrant a reduction in a defendant's sentence, subsection (D) of the policy statement only permits the BOP to determine what constitutes "extraordinary and compelling reason[s]."[34] Some courts have questioned why a defendant can bring a motion for compassionate release *in court* if the court cannot decide what amounts to extraordinary and compelling reasons for such release. Those courts have held that, pursuant to the policy goals of the First Step Act, not only the BOP but also courts may now determine what constitutes such "other" extraordinary and compelling reasons. As one court put it, "the only way direct motions to district courts would increase the use of compassionate release is to allow district judges to consider the vast variety of circumstances that may be 'extraordinary and compelling.'"[35] Other courts, however, have not broken from the text of subsection (D) as currently written and have held the BOP alone may determine what qualifies as "other" extraordinary and compelling circumstances.[36] The Court need not decide this conflict in order to resolve the instant motion for compassionate release. For the reasons discussed below, even if both the Court and the BOP may determine what additional circumstances constitute "extraordinary and compelling" circumstances under the catchall provision, Ellis is not entitled to compassionate release.

Ellis argues extraordinary and compelling reasons are present for compassionate release because of the risks a COVID-19 infection might pose to his health.[37] Ellis alleges

---

[34] *See, e.g.*, *United States v. Overcash*, 3:15-cr-263-FDW-l, 2019 WL 1472104, at *2 (W.D.N.C. Apr. 3, 2019) ("The Court agrees that § 1B1.13 now conflicts with § 3582 insofar as a defendant is now able to request a sentence reduction upon a defendant's own motion rather than having to rely on the BOP Director.").

[35] *Brown*, 2019 WL 4942051, at *3.

[36] *United States v. Joseph*, No. CR 15-307, 2020 WL 3128845, at *3 (E.D. La. June 12, 2020) ("The Guidelines also identify a category of '[o]ther [r]easons,' but state that such reasons are '[a]s determined by the Director of the Bureau of Prisons.'").

[37] R. Doc. 66 at 9.

"infection spread fast" across the Yazoo City FCI and staff has been "slow to respond."[38] He alleges he suffers from "risk factors" including "hepatitis-C, high blood pressure, post-traumatic stress disorder, bleeding ulcers, and serious acid reflux" making him particularly vulnerable to contracting COVID-19.[39] Hepatitis-C, PTSD, bleeding ulcers, and serious acid reflux are not on the Centers for Disease Control's ("CDC") list of COVID-19 risk factors.[40] Ellis's medical records show his Hepatitis-C is asymptomatic with normal liver functions.[41] In fact, the medical records suggest Ellis's medical concerns have been, or are currently being, managed by BOP.[42]

Ellis further alleges the Yazoo City FCI is "short on staff, proper PPE, chemicals, and other safety standards that should be in place."[43] Ellis fails to demonstrate, however, how the BOP and prison staff is "not providing him with adequate care."[44] In fact, his medical records suggest the contrary.[45] The Court finds Washington has alleged nothing more than "[g]eneral concerns about possible exposure to COVID-19."[46] None of Ellis's medical concerns persuade the Court he is particularly vulnerable to severe illness from COVID-19 so as to warrant a finding of "extraordinary and compelling" circumstances.

---

[38] *Id*, at 5.

[39] R. Doc. 66 at 9.

[40] CENTERS FOR DISEASE CONTROL, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited July 30, 2020).

[41] R. Doc. 69-1.

[42] R. Doc. 69-1 at 10; *See* R. Doc. 66, at 17 (attaching a prescription for Ellis's blood pressure).

[43] *Id*.

[44] *See United States v. Mazur*, No. CR 18-68, 2020 WL 2113613, at *3 (E.D. La. May 4, 2020) (finding the petitioner did not "allege that his medical conditions substantially diminish his ability to provide self-care in prison" and further failed to provide "any assertion that the BOP is not providing him with adequate medical care").

[45] R. Doc. 69-1.

[46] *See United States v. Clark*, No. 17-85-SDD-RLB, 2020 WL 1557397, at *4 (M.D. La. Apr. 1, 2020) (denying a motion for compassionate release because general concerns regarding the virus did "not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release, U.S.S.G. § 1B1.13").

### III.   Section 3553(a) factors weigh against reducing Ellis's sentence.

Even if Ellis had demonstrated "extraordinary and compelling" circumstances warranted a reduction in his sentence, he would nevertheless not be entitled to relief under § 3582 because the § 3553(a) factors weigh heavily against his release.

Section 3582 requires the Court to consider the sentencing factors set forth in 18 U.S.C. § 3553(a). Likewise, the policy statement regarding compassionate release requires a defendant's sentence may be reduced only if "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," and the Court's determination is in line with "the factors set forth in 18 U.S.C. § 3553(a)."[47]

The Court discusses the relevant factors under § 3142(g) and § 3553(a) simultaneously due to the similarity of the factors. Section 3142(g) sets out the factors courts must consider in deciding whether to release a defendant pending trial. The factors related to whether a petitioner is danger to the community include "the nature and circumstances of the offense charged," "the history and characteristics of the person," including "the person's character, physical and mental condition, family ties, . . . community ties, past conduct, history relating to drug or alcohol abuse, [and] criminal history," and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release."[48] Similarly, § 3553(a), which sets forth the factors to consider in initially imposing a sentence, requires the Court to consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant; [and]

(2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for

---

[47] U.S. SENTENCING GUIDELINES MANUAL § 1B1.13(2) & cmt. n.1 (U.S. SENTENCING COMM'N 2018).
[48] 18 U.S.C. § 3142(g).

the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.][49]

Having considered all of the relevant factors under § 3142(g) and § 3553(a), and having weighed the totality of the relevant circumstances, the Court finds the factors weigh against Ellis's request for compassionate release.

Shortly after midnight on February 26, 2015, a search of Ellis's residence produced 14.5 ounces of cocaine, an ounce of marijuana, and four handguns.[50] These weapons included two 9mm semi-automatic handguns, a .380 semi-automatic handgun, and a .45 caliber semi-automatic handgun.[51] Earlier that month, law enforcement had conducted a controlled purchase of marijuana from Ellis following a tip-off by a confidential informant.[52] Ellis was convicted of three serious offenses: being a felon in possession of a firearm, possession of four firearms in connection with a drug trafficking offense, and the distribution of cocaine.[53]

Further, Ellis is a repeat offender with a criminal history category of V that weighs against compassionate release. He has previously been convicted of possession, and of possession with intent to distribute, of crack cocaine on multiple occasions.[54] He has also previously been convicted of attempted possession of a firearm by a felon.[55] In 2006, Ellis

---

[49] 18 U.S.C. § 3553(a).
[50] R. Doc. 32.
[51] R. Doc. 1, at 2.
[52] *Id.*
[53] R. Doc. 69, at 16.
[54] R. Doc. 32.
[55] R. Doc. 66.

was convicted of aggravated assault after firing a gun inside an apartment during an argument with his wife.[56] In 1994, Ellis's probation for possession of crack cocaine had been revoked for unspecified technical violations and an additional arrest.[57] In 2000, Ellis's parole for Possession with Intent to Distribute Crack Cocaine was revoked following a conviction for additional criminal conduct.[58]

Ellis directs the Court's attention to his time in prison and plans for the future.[59] He has taken advantage of many educational programs, including budgeting, public speaking, creative writing, and drug education.[60] He is enrolled in GED classes.[61] He works in the prison's Facilities Department and has been receiving hands-on training in different areas of maintenance.[62] There have been no incident reports and he alleges to be "free of any gang ties or violence related to gangs."[63] If released, he intends to live with his wife and return to his drywall company and enter the real estate business.[64] The Court recognizes these factors weigh in his favor.

Courts across the country have faced similar motions for compassionate release related to COVID-19 for individuals convicted of unlawful possession of a firearm by a felon. In *United States v. Green*, a New York court found the petitioner's "criminal history and the dangerous nature of his underlying offenses of conviction" to weigh against the requested relief.[65] In *United States v. Cruickshank*, a Washington court found the petitioner made "no effort to provide context for any of his specific convictions or explain

---

[56] R. Doc. 35, at 9.
[57] *Id.*
[58] *Id.*
[59] R. Doc. 66, at 8.
[60] *Id.*
[61] *Id.*
[62] *Id.*
[63] *Id.*
[64] *Id*, at 9.
[65] 2020 WL 3069651 (W.D.N.Y. June 10, 2020).

why he is not a danger to the community despite his history of violence, harassment, firearm, and drug-related offenses."[66] The Court finds Ellis has history of firearm and drug charges, as well as domestic violence and other criminal conduct, and has served only 57% of his sentence. A reduction of his sentence would not reflect the seriousness of his offenses, promote respect for the law, provide just punishment for his offense, or afford adequate deterrence to criminal conduct. Accordingly, consideration of these factors convince the Court Ellis is not entitled to compassionate release.

## IV. Petitioner's Request for Release to Home Confinement is Denied

In addition to requesting a reduction in his sentence pursuant to § 3582(c)(1)(A),[67] Petitioner also requests a recommendation from this Court to the Bureau of Prisons for immediate release to home confinement. He references 18 U.S.C. § 3621(b)(4) and § 12003(b)(2) of the CARES Act as statutes under which he seeks a home confinement recommendation.[68]

District courts may reduce a prison sentence only as permitted by specific statute or rule.[69] 18 U.S.C. § 3621(b) provides "[t]he *Bureau of Prisons* shall designate the place

---

[66] 2020 WL 3266531 (W.D. Wa. June 17, 2020); *But see United States v. Flores*, 2020 WL 3041640 (W.D.N.Y. June 8, 2020) (granting petitioner's motion for compassionate release despite an unlawful possession of a firearm conviction because BOP's neglect in handling the COVID-19 conditions at her prison were "disturbing").

[67] The Court acknowledges that, if a court finds a petitioner has satisfied the requirements for compassionate release, including the mandatory exhaustion requirements of § 3582(c)(1)(A), and grants a sentence reduction, the court may "impose a term of . . . supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). In imposing a term of supervised release, the court may impose a period of home confinement as a condition, provided the court finds home confinement is a "substitute for imprisonment." U.S.S.G. § 5F1.2; *see* 18 U.S.C. § 3583(d). As a "substitute for imprisonment," this supervised release term substitutes only for the term of imprisonment, to be followed by the original term of supervised release imposed at sentencing. Alternatively, upon finding a petitioner has satisfied the compassionate release statute, including the mandatory exhaustion requirements of § 3582(c)(1)(A), the court may consider reducing the petitioner's term of imprisonment to time-served and modifying the existing term of supervised release to add a period of home confinement. *See* U.S.S.G. § 5F1.2; 18 U.S.C. § 3583(e)(2). To the extent Petitioner seeks home confinement under § 3582(c)(1)(A), this request is denied, for the same reasons her request for a reduction in her sentence under § 3582(c)(1)(A) is denied.

[68] R. Doc. 66.

[69] *See* Fed. R. Crim. P. 35.

of the prisoner's imprisonment"[70] and, pursuant to § 3622, "[t]he *Bureau of Prisons* may release a prisoner from the place of his imprisonment for a limited period," under certain circumstances.[71] As a result, "BOP has exclusive authority to determine where a prisoner is housed and the terms of a prisoner's pre-release custody."[72] Because Petitioner seeks release to home confinement, his initial remedy is by administrative action within BOP. Following exhaustion, the proper vehicle to challenge BOP's administrative decisions is a petition pursuant to 28 U.S.C. § 2241.[73] A challenge to an administrative decision of BOP pursuant to 28 U.S.C. § 2241 must be filed in the district where Petitioner is incarcerated. Petitioner is currently incarcerated in Yazoo City, Mississippi.[74] Thus, any such motion must be brought in the United States District Court for the Southern District of Mississippi, which encompasses Yazoo City, Mississippi. This Court lacks authority to grant Petitioner relief under § 3621(b).

The Court similarly lacks authority to grant Petitioner relief, or a recommendation for relief, under § 12003(b)(2) of the CARES Act. As this Court has previously explained:

> Petitioner does not have a right to seek relief under § 12003(b)(2) of the CARES Act if he does not obtain the relief he seeks from BOP. Section 3582(c)(1)(A) contains language specifically creating an opportunity for a prisoner to seek a reduction in his sentence from the Court: "the court, . . . *upon motion of the defendant* . . . .may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment)[.]." 18 U.S.C. § 3582(c)(1)(A) (emphasis added). By contrast, § 12003(b)(2) does contain such statutory authorization. Without

---

[70] 18 U.S.C. § 3621(b) (emphasis added).

[71] 18 U.S.C. § 3622 (emphasis added).

[72] *United States v. Baptiste*, Crim. Action No. 07-330, 2020 WL 2495753, at *2 (E.D. La. May 14, 2020) (citing 18 U.S.C. § 3621(B); *United States v. Snead*, 63 F.3d 281, 389 n. 6 (5th Cir. 1995) (declining to address the defendant's request that he be allowed to serve the remainder of his sentence on home confinement because "such requests are properly directed to the Bureau of Prisons"); *United States v. Voda*, 994 F.2d 149, 151 (5th Cir. 1993) (sentencing court "may recommend that a sentence imposed under section 3621 be served in a particular prison or jail," but "only the Bureau of Prisons has the actual authority to designate the place of incarceration")).

[73] *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

[74] R. Doc. 66.

such statutory authorization, the Court lacks authority to move a prisoner from prison to home confinement.[75]

Other courts have reached similar conclusions. For instance, in *United States v. Dudley*, the United States District Court for the Western District of North Carolina explained:

> Section 12003(b)(2) of the Act gives the Director of the BOP authority to lengthen the maximum amount of time a prisoner may be placed in home confinement under 18 U.S.C. § 3624(c)(2) during the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the BOP. On April 3, 2020, the Attorney General issued a memorandum to the Director of the BOP making that finding and directing the immediate processing of suitable candidates for home confinement. However, *nothing in the CARES Act gives the Court a role in determining those candidates.*[76]

As a result, the Court must deny Petitioner's request for a recommendation of home confinement, as this Court lacks authority under the aforementioned statutes to direct BOP to transfer Petitioner to home confinement.

## CONCLUSION

**IT IS ORDERED** that Stephen Ellis's Motion for Compassionate Release[77] is **DENIED**.

**IT IS FURTHER ORDERED** that Assistant Federal Public Defender Valerie Welz Jusselin's Motion to Withdraw as Counsel of Record[78] is **GRANTED**.

**New Orleans, Louisiana, this 26th day of August, 2020.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[75] *United States of America v. Mogan*, Crim. Action No. 14-040, 2020 WL 2558216, at *2 n.12 (E.D. La. May 20, 2020).
[76] Civil Action No. 5:97-CR-00001-KDB, 2020 WL 2513681, at *2 (W.D. N.C. May 15, 2020) (emphasis added).
[77] R. Doc. 66.
[78] R. Doc. 74.